STATE EX REL. HAUSWALD, RESPONDENT, v. ELLIS ET AL.,
COMMRS., APPELLANTS.

(No. 3,837.)

(Submitted June 24, 1916.   Decided July 12, 1916.)

[159 Pac. 414.]

*Mandamus — Counties — Assessable Property — Increase in—Office and Officers—Appeal and Error—Documentary Evidence.*

Mandamus—Counties—Assessable Property—Increase in—Evidence—Office and Officers.

1.  By reason of an increase in the assessed valuation of property in a county it was raised from the sixth to the fifth class, whereby the office of county auditor came into existence. After relator had been elected to such office, the board of county commissioners refused to order salary warrants to issue to him, for the reason that because of alleged double assessments, clerical errors, *etc.*, the assessed property value was below the amount required to justify the advancement of the county to the higher class. Evidence *held* to sustain the finding of the trial court that the county had sufficient assessable property to bring it into the fifth class, and that the issuance of a writ of mandate to the board was proper.

Appeal and Error—Documentary Evidence—Value—Review.

2.  Where a proceeding in *mandamus* was submitted to the district court wholly upon documentary evidence, the supreme court may on appeal as readily determine its value as could the trial court.

[As to the duties the performance of which may be compelled by *mandamus*, see note in 125 Am. St. Rep. 492.]

*Appeal from District Court, Carbon County; A. C. Spencer, Judge.*

MANDAMUS proceedings by the State of Montana, on relation of F. A. Hauswald, against A. A. Ellis and others, as the Board of County Commissioners of Carbon County. Judgment for plaintiff and defendants appealed. Affirmed.

*Messrs. Nichols & Wilson,* for Appellants, submitted a brief; *Mr. Harry Wilson* argued the cause orally.

*Messrs. Walsh, Nolan & Scallon,* for Respondent, submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

The authority of the county commissioners is given by section 2894. The board is one of limited powers. It can only

exercise such powers as are conferred by law or are necessarily implied. (*State ex rel. Gillett* v. *Cronin,* 41 Mont. 293, 109 Pac. 144; *State* v. *Collins,* 21 Mont. 448, 53 Pac. 1114; *Yegen* v. *Board of County Commissioners,* 34 Mont. 79, 85 Pac. 740; *State ex rel. Holley* v. *Boerlin,* 30 Nev. 473, 98 Pac. 402.) The board having fixed the classification of the county at the September meeting, it was beyond its power to consider the matter at the December meeting, and it was equally beyond its power to make corrections as to assessments in the intervening time.

In reference to the assessment of property, the assessor can only proceed at the time and in the manner pointed out by statute, and to justify his assessment, he must be able to put his finger on the statute that gives him authority to make it. (Welty on Assessments, p. 36; *City of Hannibal ex rel. Bassen* v. *Bowman,* 98 Mo. App. 103, 71 S. W. 1122.) The assessment-roll is the only evidence as to what the assessment of property is. (*State* v. *Cook,* 14 Mont. 201, 36 Pac. 44; *Allen* v. *McKay & Co.,* 139 Cal. 94, 72 Pac. 713; 10 Ency. of Evidence, p. 728.) Revision and correction of assessment-roll may not be done after completion of same. (27 Am. & Eng. Ency. of Law, p. 697; *Johnson* v. *Malloy,* 74 Cal. 430, 16 Pac. 228.) In the case of boards of equalization, statutes providing for times and places of meeting are mandatory. (27 Am. & Eng. Ency. of Law, p. 713.) The board has no right to reconsider action which is judicial or *quasi* judicial. (*Gulnac* v. *Board of Chosen Freeholders,* 74 N. J. L. 543, 122 Am. St. Rep. 405, 64 Atl. 998; *Furness* v. *Brummitt,* 48 Ind. App. 442, 95 N. E. 1114; *Craig* v. *Griffin,* 107 Ark. 298, 154 S. W. 945; *Board of Law Library Trustees* v. *Board of Supervisors,* 99 Cal. 571, 34 Pac. 244; *People* v. *Reid,* 11 Colo. 138, 17 Pac. 302.) We submit that it was beyond the power of the board to rescind its action fixing the classification of Carbon county at the December meeting, and its attempt to do so is a nullity.

MR. JUSTICE SANNER delivered the opinion of the court.

In September, 1914, there was laid before the board of [1] county commissioners of Carbon county the assessment-roll for that year footed to show property within the county of an assessed valuation of $8,015,072; whereupon, pursuant to the provisions of section 2975 of the Revised Codes, the board made and caused to be spread upon its minutes a formal order declaring Carbon county to be a county of the fifth class. In virtue of this classification, if properly made, there came into existence the office of county auditor for said county, and one F. A. Hauswald was at the general election held in November, 1914, duly elected to such office. A certificate of election was issued to him, he qualified as required by law, and at all times after the first Monday of January, 1915, sought to perform, and held himself in readiness to perform, the duties of that office. Meanwhile, and at its regular meeting in December, 1914, the board appointed one G. L. Finley to check the assessment-roll for 1914 and report to the board "what the aggregate assessment of said county was," and he, on December 23, 1914, presented his report to the effect that after making certain corrections for supposed errors, supposed double assessments, and certain deductions made by the board itself after December 1, 1914, there remained $7,862,870 "total valuation from which taxes are collectible." On December 30, 1914, this report was "approved and ordered filed," whereupon the board made and caused to be spread upon its minutes a resolution declaring rescinded the order of September advancing the county of Carbon to the fifth class, because made "under a misapprehension of the facts" due to "errors and double assessments, clerical errors, and other mistakes." In consequence of this action the board declined to recognize Hauswald as county auditor and refused to pay his salary, and he brought this proceeding in *mandamus* to compel the board to order and sign warrants to him therefor.

The cause was submitted for decision upon an agreed statement of facts, which involved the concession that the resolution of December 30 is nugatory, and the classification made in September must stand, if the assessment-roll as then exhibited, but properly corrected and footed, disclosed an assessed valuation greater than $8,000,000. As evidence pertinent to such corrections, the statement of facts presented two documents: Exhibit "A," containing such entries on the assessment-roll as the commissioners claim were duplications counted in the total; and Exhibit "B," containing such entries on the assessment-roll as were omitted by the assessor in footing the same because he deemed them duplications. Upon this data the trial court found that duplications to the amount of $23,100 were shown by Exhibit "A" which ought to be deducted from the total; that unjustified omissions to the amount of $8,225 were shown by Exhibit "B" which ought to be added to the total; and that the true assessed valuation, as shown by the assessment-roll in September, 1914, when the order of classification was made, was $8,000,197. Upon these findings judgment was entered declaring Carbon county to be a fifth class county, and commanding that Hauswald be paid as county auditor. From this the commissioners appealed, presenting the naked question whether the findings and judgment are warranted by the evidence.

The cause was determined by the district court wholly upon [2] the evidence furnished by Exhibits "A" and "B"; and as this evidence is purely documentary, this court may determine its value without advantage or disadvantage over the learned trial judge. With regard to the effect of Exhibit "A" the contention is .twofold: By the respondent, that the court was without authority to make any deductions on account of double assessments supposedly shown thereby; by the appellants, that further deductions amounting to $5,030.70 should have been made. We shall assume, without deciding, that the court had the power to make any deductions for double assessments clearly commanded by the evidence; but, so assuming,

we question whether any of the deductions made were thus commanded. As we view the exhibit, not more that $8,590 of the items shown by it and excluded by the court even seem to be cases of this character; while the evidence as to the remainder is colorless and equivocal or suggests a different conclusion. So, too, a most liberal view of the items which the appellants claim should have been excluded could not justify the exclusion of more/than $3,435.70, and this with very doubtful propriety. Subtracting these amounts from the total of $8,015,072, as apparent from the roll in September, 1914, we still have a valuation of $8,003,047.30, which result renders any inquiry into the propriety of the court's additions pursuant to Exhibit "B" wholly unnecessary.

In our opinion, the final judgment as rendered by the district court was correct, and is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

